

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

February 16, 1966

*overruled*
*O-3820-A*
*O-4269*
*O-5681*   *where*
*O-6805*   *conflicts*
*V-469*

Honorable James E. Barlow
Criminal District Attorney
Bexar County
San Antonio, Texas

Opinion No. (C-612)

Re: Whether paragraph (b) of Article 53.07 V.C.C.P. becomes void and inoperative due to the holding in AG Opinion C-497 that paragraphs (a) and (d) are void, being in conflict with Sec. 61 of Article XVI of the Texas Constitution and related question.

Dear Mr. Barlow:

In an opinion request of this office you ask our opinion on two (2) questions involving Article 53.03, Code of Criminal Procedure of Texas, 1966. The two questions you pose are as follows:

"1.  Does paragraph (b) of Article 53.07, CCP become void and inoperative due to your holding in Attorney General Opinion C-497 that paragraphs (a) and (d) are void, being in conflict with Section 61 of Article XVI of the Texas Constitution?

"2.  If paragraph (b) of Article 53.07, CCP is sustained, what is the extent of its coverage?"

As you point out in your request, Article 53.07, Vernon's Code of Criminal Procedure which became effective January 1, 1966, purported to make it mandatory that all Justices of the Peace in Texas be compensated on a salary rather than a fee basis. On August 31, 1965, in Opinion No. C-497, this office held unconstitutional Sections (a) and (d) of Article 53.07, which two sections in effect set out that after January 1, 1966, all of the Justices of the Peace in Texas will be on a salary basis. We specifically pointed out in that opinion that its application extended only to Sections (a) and (d). You now ask whether or not that holding rendered inoperative Section (b) of said Article. Said Section (b) states as follows:

-2966-

"All fines imposed by justices of the
peace and all trial fees and other fees
which justices of the peace are required
by law to collect shall be deposited to
the credit of the Officers' Salary Fund
of the county, or whichever fund is used
to pay the salaries of district, county
or precinct officers."

It is our opinion that Article 53.07 (b) is not rendered
void or inoperative by our holding in Opinion No. C-497.
Article 54.01, Vernon's Code of Criminal Procedure, 1966 entitled
"Severability Clause", reads as follows:

"If any provision, section or clause
of this Act or application thereof
to any person or circumstances is held
invalid, such invalidity shall not affect
other provisions or applications hereof
which can be given effect without the
invalid provision, section or clause, and
to this end the provisions of this Act
are declared to be severable."

In 12 Tex. Jur. 2nd, 394, Constitutional Law, Sec. 49,
is found the following statement concerning the affect of
having a severability clause:

". . .When such a provision is found in
a statute the courts will retain all the
valid portions of the statute even though
they would have declared the entire act
invalid without the saving clause. This
rule, however, will not be extended to
uphold the validity of a portion of an
act if that portion is wholly dependent
on the invalid portion."

In our opinion, Section (b) of Article 53.07, is not
wholly dependent on Sections (a) and (d) of that Article.
Although on its face subsection (b) would appear to have the
purpose of implementing subsections (a) and (d), it cannot
be said that this is its sole objective. Nor can it be
said that it could not be placed into effective operation
without subsection (a) and/or (d). It is our opinion, there-
fore, that Opinion Number C-497 does not render inoperative
or void Section (b) of Article 53.07.

This leads us to your second inquiry. If subsection (b)
of Article 53.07 is valid, what fines are required to be

placed in the Officers Salary Fund?  Article 16, Section 24, Constitution of the State of Texas, states as follows:

> "The Legislature shall make provision
> for laying out and working public roads,
> for the building of bridges and for
> utilizing fines, forfeitures, and con-
> vict labor to all these purposes."

We do not construe this provision to make it mandatory that all fines be used for the laying out and working of public road and/or bridges, but rather that it directs the Legislature to utilize as it sees fit all or part of fines for those purposes.  Therefore, the fact that Article 53.07, directs that the fines collected by Justices of the Peace be paid into the Officers Salary Fund does not place it in conflict with the above set out constitutional provision.

Article 6701d, Sec. 144, Vernon's Civil Statutes, entitled Disposition of Fines and Forfeitures, is as follows:

> "Fines collected for violation of any
> highway laws as set forth in this Act
> shall be used by the municipality or the
> counties in which the same are assessed
> and to which the same are payable in
> the construction and maintenance of roads,
> bridges, and culverts therein and for
> the enforcement of the traffic laws
> regulating the use of the public highways
> by motor vehicles and motorcycles and to
> help defray the expense of county traffic
> officers."

Also, there are numerous similar statutes relating to game, fish and oyster laws.  One such example is Article 912, Vernon's Penal Code, which states, in part, as follows:

> "Section 1.  It shall be the duty of any
> justice of the peace, clerk of any court,
> or any other officer of this state, receiving
> any fine or penalty imposed by any court
> for violation of any of the laws of this
> state pertaining to the protection and
> conservation of wild birds, wild foul, wild
> animals, fish, oysters and other wild life
> . . .to remit said fine or penalty. . .to
> the Game, Fish and Oyster Commission. . .

> In justice court cases the amount to
> be remitted to said commission shall
> be eighty-five (85) per cent of such
> fines and penalties."

Obviously, the new Code of Criminal Procedure and particulary Article 53.07 would be the latest expression of Legislative intent concerning the disposition of fines assessed in Justice Courts. The favored rule of construction is to reconcile the provisions of conflicting statutes if at all possible and let them both stand. In 53 Tex. Jur. 2nd 150, Statutes, Sec. 102, is found the following statement:

> "Where there is no expressed repeal the
> presumption is that in enacting a new
> law the Legislature intended the old
> statute to remain in operation. The
> two acts will persist unless the con-
> flicting provisions are so antagonistic
> and repugnant that both can not stand...
> If by any reasonable construction two
> acts or statutory provisions can be
> reconciled and so construed that both
> may stand, one will not be held to re-
> peal the other."

Also, it is observed that Article 53.07, is a general statute pertaining to all fines while Article 6701 (d), Section 144 and Article 912 are special statutes dealing with specified fines. A rule of statutory construction employed as an aid in determining legislative intent which we feel is applicable is stated in 39 Tex. Jur. 149, Statutes, Sec. 81, which is as follows:

> "The enactment of a general law does not
> ordinarily operate as a repeal of a par-
> ticular or special law by implication, al-
> though both relate to the same subject matter.
> On the contrary both statutes are permitted
> to stand, and the general law is applicable
> to all cases not embraced by the specific
> act. In other words, the particular act
> is construed as constituting an exception
> to the general law. This is said to be
> a settled rule of construction, based
> upon the presumption that a specific statute
> evidences the intention of the legislature
> more clearly then a general one, and there-
> fore should control..."

We believe that Article 6701d, Article 912 and Article 53.07 fall within the above quoted exceptions. Effect must be given to all of these articles if possible. Article 912 and the other statutes relating to game and fish are specific with regard to the fund into which fines will be paid. We are of the opinion that when a specific statute such as this is construed in connection with Article 53.07 which is a general statute, the specific will control and all fines imposed by any court for violation of the laws of this state pertaining to game and fish and other wild life will be paid into the fund designated by the specific statutes.

With regard to Article 6701d, Section 144, it is noted that the fines collected for the violation of highway laws are payable to the road and bridge fund of the particular county but may also be used for the enforcement of traffic laws regulating the use of public highways. The payment of justice of the peace salaries certainly is part of the enforcement of the traffice laws of the public highways. Since justice of the peace tribunals are the primary tribunals for the disposition of these types of cases, we see no reason why some portion of the fines collected in a county could not be designated for the Officers Salary Fund of that county and be used to pay the salary of the particular justices of the peace of that county. Otherwise, Article 6701d dictates that all fines collected for violation of highway laws shall be paid into the road and bridge fund of the county.

On the other hand, Article 53.07 will control with regard to fines where there are no special statutes dealing with those types of fines, and those fines shall be paid into the Officers Salary Fund of the county as designated by Article 53.07. All fees collected by a Justice of the Peace shall be paid into the Officer's Salary Fund in accordance with Article 53.07. Attorney General's Opinions, Numbers O-3820A (1941), O-4269 (1941), O-5681 (1943), O-6805 (1945) and V-469 (1947) and any other opinions, if any, in conflict with the opinions expressed herein are overruled to the extent of such conflict.

## S U M M A R Y

Paragraph (B) of Article 53.07, Code of Criminal Procedure of Texas, 1966, is not void and inoperative due to the holding in Attorney General's Opinion C-497. Article 53.07, V.C.C.P. controls the disposition of all fines collected in justice of the peace court which are not otherwise covered

by a special statute designating the fund into which a particular fine is paid.

Yours very truly,

Waggoner Carr
Attorney General of Texas

By _____
Sam Kelley
Assistant Attorney General

SK/lh

APPROVED
OPINION COMMITTEE

W. V. Geppert, Chairman
Lonnie Zwiener
Malcolm Quick
Ralph Rash
Robert E. Owen

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright